# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| THE IT GROUP, INC. | § | CASE NO. 02-10118 (MFW) |
| | § | |
| Debtor. | § | |
| ──────────────────────── | § | ──────────────────────── |
| | § | |
| THE OFFICIAL COMMITTEE OF | § | |
| UNSECURED CREDITORS OF | § | |
| THE IT GROUP, INC., ET AL., | § | |
| On Behalf of The Estate of The IT Group, | § | |
| Inc., et al. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Adv. Proceeding No. 04-50542 (PBL) |
| | § | |
| FEDERAL INDUSTRIAL PRODUCTS | § | JURY DEMANDED |
| | § | |
| Defendant. | § | |
| ──────────────────────── | § | ──────────────────────── |

## OPENING BRIEF OF M-I L.L.C. IN SUPPORT OF MOTION TO WITHDRAW THE REFERENCE OF ADVERSARY NO. 04-50542

Dated: August 30, 2005

STEVENS & LEE, P.C.
John D. Demmy
1105 North Market Street, 7th Floor
Wilmington, Delaware 19801                    -and-
Phone: 302-654-5180
Fax: 302.654.5181
E-Mail: jdd@stevenslee.com

LOOPER, REED & MCGRAW
Ben L. Aderholt
1300 Post Oak Blvd., Ste. 2000
Houston, Texas 77056
Phone: 713-986-7000
Fax: 713.986.7100
E-Mail: baderholt@lrmlaw.com

ATTORNEYS FOR M-I L.L.C.

L:\BLA\M-I LLC-60600\The IT Group\brief.mot.withdraw.ref.wpd

19
9/12/05

Defendant, M-I L.L.C. ("M-I"), pursuant to 28 U.S.C. §157(d), hereby files this Opening Brief in Support of its Motion to Withdraw the Reference of Adversary Proceeding No. 04-50542, and would respectfully show the Court as follows:

## I.

## SUMMARY OF ARGUMENT

1.      M-I is entitled to an order withdrawing the reference of this adversary proceeding to the Bankruptcy Court pursuant to 28 U.S.C. §157(d).  Specifically, M-I is entitled to an order of withdrawal because M-I has filed a timely jury demand, and the Bankruptcy Court cannot conduct a jury trial of the case without the consent of the parties.  M-I has not provided its consent and will not do so.

## II.

## STATEMENT OF FACTS/PROCEDURAL HISTORY

2.      The IT Group, Inc. and its affiliated companies filed their bankruptcy petition on January 16, 2002.  The bankruptcy case was assigned to this Court.  M-I did not file a proof of claim or participate in the bankruptcy case.

3.      On January 9, 2004, Plaintiff, The Official Committee of Unsecured Creditors of The IT Group, Inc. filed a complaint in this adversary proceeding seeking return under Sections 547 and 550 of the Bankruptcy Code of an alleged avoidable transfer made by The IT Group to M-I.

4.      On May 20, 2004, counsel for Plaintiff signed a Certificate of Service stating he mailed a copy of the summons and complaint on May 4, 2004 by regular, first class mail to M-I at an address identified as 345 Superior Blvd., Unit 1, Mississauga, ON, Canada L5T 2L6.  M-I does not maintain an office at the stated address and never received a copy of the summons or Complaint from Plaintiff.

5.      On November 9, 2004, a default judgment was entered against M-I in the amount of $12,974.40. M-I did not know of the complaint, default judgment proceedings, or resulting default judgment until after July 28, 2005

6.      Contemporaneously with the filing of this motion, M-I filed its original answer in which it made a jury demand. The answer was filed in conjunction with a motion to vacate the default judgment as void. As of the date of this motion, the Bankruptcy Court has neither recommended nor opposed withdrawal of the reference. M-I has filed no counterclaims.

### III.

### ARGUMENT

7.      A preference suit under Sections 547 and 550 of the Bankruptcy Code is subject to a jury trial if the defendant has not subjected himself to the jurisdiction of the bankruptcy court. *In Re Clay*, 35 F.33d 190 (5th Cir. 1994). M-I has not filed a proof of claim or subjected itself to the jurisdiction of the Bankruptcy Court. M-I has demanded a jury trial and refuses to consent to trial of the case by the Bankruptcy Court.

8.      As stated by the Supreme Court, an "action to recover an alleged fraudulent conveyance of a determinate sum of money [would have been an action] at law in 18th-century England." *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 46-47 (1989). Plaintiff seeks a judgment for a sum certain, a legal remedy, and requires no "relief of a kind historically available only in equity . . . ." 9 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2311 (1971).

9.      Under *Granfinanciera*, an action at law "carries with it the Seventh Amendment's guarantee of a jury trial." *Granfinanciera*, 492 U.S. at 55. Thus, in *Clay*, the Fifth Circuit issued mandamus to the District Court to withdraw the reference and try the preference suit with a jury.

10.    Under 28 U.S.C. §157(d), "The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." Cause has been shown, as stated above. This motion is made timely.

## IV.

## CONCLUSION

For the reasons set forth herein, M-I L.L.C. respectfully requests that this Court enter an order withdrawing the reference of Adversary Proceeding No. 04-50542, that a status conference be scheduled in the federal district court to discuss the schedule and trial of this cause there, and for such other and further relief, both at law and in equity, to which M-I L.L.C. may show itself justly entitled.

Dated: August 30, 2005.

Respectfully submitted,


BEN L. ADERHOLT
Looper, Reed & McGraw, P.C.
State Bar No. 00909000
1300 Post Oak Boulevard, Suite 2000
Houston, Texas 77056
Tele: 713-986-7000
Fax: 713.986.7100
Email: baderholt@lrmlaw.com
ATTORNEYS FOR M-I L.L.C.

Of Counsel:

JOHN D. DEMMY
Stevens & Lee, P.C.
1105 North Market Street, 7th Floor
Wilmington, Delaware 19801
Phone: 302-654-5180
Fax: 302.654.5181

L:\BLA\M-I LLC-60600\The IT Group\brief.mot.withdraw.ref.wpd -4-

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing has been served on all attorneys of record and persons pro se in this cause, by certified mail, return receipt requested, by depositing same, postpaid, in an official depository under the care and custody of the United States Postal Service on the _____ day of _____ 8-30 _____, 2005 in a wrapper properly addressed.

_____
Ben L. Aderholt