IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | : | |
| | : | CHAPTER 11 |
| THE IT GROUP, INC., ET AL., | : | |
| | : | Bankruptcy Case No. 02-10118 MFW |
| | : | |
| Debtors. | : | |
| | : | |

| | | |
|---|---|---|
| THE OFFICIAL COMMITTEE OF | : | |
| UNSECURED CREDITORS OF | : | |
| THE IT GROUP, INC., ET AL., | : | |
| On Behalf of The Estate of | : | |
| The IT Group, Inc., et al., | : | |
| | : | Adversary No. 04-50542 |
| Plaintiff, | : | |
| | : | Civil Action No. 06-661-JJF |
| v. | : | |
| | : | |
| FEDERAL INDUSTRIAL PRODUCTS, | : | |
| ET AL. | : | |
| Defendants. | : | |

Eric M. Sutty, Esquire, Jeffrey M. Schlerf, Esquire, and Mary E.
Augustine, Esquire of THE BAYARD FIRM, Wilmington, Delaware.
John K. Cunningham, Esquire, and Gabriel J. Procaccini of WHITE &
CASE, LLP, Miami, Florida.

Attorneys for Plaintiff.

John D. Demmy, Esquire of STEVENS & LEE, P.C., Wilmington,
Delaware.
Ben L. Aderholt, Esquire of LOOPER, REED & MCGRAW, P.C., Houston,
Texas.

Attorneys for Defendants.

## MEMORANDUM OPINION

January 26, 2007
Wilmington, Delaware

Farnan, District Judge

Pending before the Court is the Motion of Defendant M-I
L.L.C. To Withdraw The Reference (D.I. 1).  For the reasons
discussed, Defendant's Motion will be denied.

## BACKGROUND

On January 16, 2002, The IT Group, Inc. and certain
affiliated companies (collectively, the "Debtors") filed
voluntary petitions for relief under Chapter 11 of the Bankruptcy
Code.  On January 9, 2004, Plaintiff filed the instant Adversary
Proceeding seeking to recover under Sections 547 and 550 of the
Bankruptcy Code an allegedly avoidable transfer made by the
Debtors to Defendant M-I L.L.C.  Defendant alleges it did not
receive a copy of the summons and complaint and failed to answer
or otherwise respond to the Complaint.  On November 9, 2004, an
Entry Of Default and Judgment By Default were entered against
Defendant.  On September 12, 2005, Defendant filed the pending
Motion To Withdraw The Reference.  On October 24, 2006, the
Bankruptcy Court granted Defendant's Motion To Vacate the default
judgment and Motion To Reopen The Adversary Proceeding.
Thereafter, the Motion To Withdraw The Reference (D.I. 1) was
transmitted to this Court.

## PARTIES' CONTENTIONS

By its Motion, Defendant contends that this Court must
withdraw the reference because it has demanded a jury trial and

1

does not consent to a jury trial in the Bankruptcy Court.   In response, Plaintiff contends that the assertion of a right to a jury trial is not of itself sufficient cause for withdrawal, and the facts and issues presented warrant denial of the Motion.

### DISCUSSION

Under 28 U.S.C. § 1334(b), district courts "have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."   Pursuant to 28 U.S.C. § 157(a), each district court may refer cases under title 11 to bankruptcy judges for disposition. However, Section 157(d) provides two mechanisms, one mandatory and one discretionary, by which the referred proceeding can be withdrawn from the bankruptcy court and returned to the district court.   In this case, Defendant seeks withdrawal only under the standards for discretionary withdrawal.[1]

In providing for discretionary withdrawal, Section 157(d) states: "The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown."   This Court has repeatedly acknowledged that the requirement that cause be shown "creates a 'presumption that Congress intended to have bankruptcy proceedings adjudicated in bankruptcy court, unless

---

[1] In its brief (D.I. 2), Defendant cites only the standard for discretionary withdrawal pursuant to 28 U.S.C. § 157(d) and presents no arguments in support of mandatory withdrawal.

2

rebutted by a contravening policy.'" <u>Columbia Gas Transmission</u>
<u>Corporation v. Columbia Gas System, Inc.</u>, 1993 U.S. Dist. LEXIS
1280, *14 (D. Del. Feb. 9, 1993); <u>In re Delaware & Hudson R.R.</u>,
122 B.R. 887, 893 (D. Del. 1991); <u>Hatzel & Beuhler, Inc. v.</u>
<u>Central Hudson Gas & Elec.</u>, 106 B.R. 367, 371 (D. Del. 1989).

Although "cause" is not statutorily defined, the Court of
Appeals for the Third Circuit has set forth five factors that a
district court should consider in determining whether "cause"
exists for discretionary withdrawal.  These factors include: (1)
promoting uniformity of bankruptcy administration; (2) reducing
forum shopping and confusion; (3) fostering economical use of
debtor/creditor resources; (4) expediting the bankruptcy process;
and (5) timing of the request for withdrawal.  <u>In re Pruitt</u>, 910
F.2d 1160, 1168 (3d Cir. 1990) (adopting <u>Holland America Ins. Co.</u>
<u>v. Succession of Roy</u>, 777 F.2d 992, 999 (5th Cir. 1985)).

"Another factor sometimes considered by courts analyzing
whether withdrawal is appropriate is 'whether the parties have
requested a jury trial.'" <u>In re NDEP Corp.</u>, 203 B.R. 905, 908 (D.
Del. 1996) (quoting <u>Hatzel</u>, 106 B.R. at 371).  However, assertion
of a Seventh Amendment right to a jury trial, coupled with a
refusal to consent to such trial before the Bankruptcy Court, is
not of itself sufficient cause for discretionary withdrawal.  "It
is well-settled that 'a district court is not compelled to
withdraw a reference simply because a party is entitled to a jury

trial.'" In re Apponline.com, Inc., 303 B.R. 723, 727 (E.D.N.Y. 2004) (quoting In re Enron Corp., 295 B.R. 21, 27 (S.D.N.Y. 2003) (internal citations omitted)).  A district court may consider a demand for a jury trial insufficient cause for discretionary withdrawal if the motion is made at an early stage of the proceedings and dispositive motions may resolve the matter.  See In re Apponline.Com, 303 B.R. at 728; In re Enron Power Mktg., Inc., 2003 WL 68036, at *10-11 (S.D. N.Y. 2003); In re Enron Corp., 295 B.R. at 27-28.  "Courts have . . . recognized that it serves the interests of judicial economy and efficiency to keep an action in Bankruptcy Court for the resolution of pre-trial, managerial matters, even if the action will ultimately be transferred to a district court for trial."  In re Enron Corp., 295 B.R. at 28 (citing In re Kenai Corp., 136 B.R. 59, 61 (S.D. N.Y. 1992)).

Here, the Bankruptcy Court reopened the Adversary Proceeding on October 25, 2006.  Thus, the case is still in its preliminary stages.  Moreover, the instant action is a core proceeding and the continued handling of the matter by the Bankruptcy Court would foster efficient use of judicial resources, promote uniformity in bankruptcy administration, and avoid confusion. Therefore, the Court concludes that the factors set forth in In re Pruitt weigh against withdrawal of the reference.

4

## CONCLUSION

For the reasons discussed, the Court concludes that discretionary withdrawal is not warranted in this case. Accordingly, the Court will deny Defendant's Motion To Withdraw The Reference (D.I. 1).

An appropriate Order will be entered.